USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 19 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REGENERON PHARMACEUTICALS, :
INC., :
:
                Plaintiff, :    14-cv-1650 (KBF)
:
        -v- :    OPINION & ORDER
:
MERUS B.V., :
:
               Defendant. :
------------------------------------------------------------X
KATHERINE B. FORREST, District Judge:

        On March 11, 2014, plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") filed twin lawsuits for patent infringement – against Merus B.V. ("Merus") in Case No. 14-cv-1650 and against Ablexis LLC ("Ablexis") in Case No. 14-cv-1651.  On May 5, 2014, Ablexis answered and asserted counterclaims.  (Case No. 14-cv-1651, ECF No. 40.)  Merus has moved to dismiss.  (Case No. 14-cv-1650, ECF No. 40.)  That motion became fully briefed on May 30, 2014.

        For the reasons set forth below, Merus's motion to dismiss is DENIED.

I.    TWOMBLY'S APPLICABILITY IN PATENT INFRINGEMENT CASES

        In order to determine whether Regeneron's pleading is sufficient to survive Merus's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must apply Second Circuit law.  See Invitrogen Corp. v. Biocrest Mfg., L.P., 424 F.3d 1374, 1378-79 (Fed. Cir. 2005) ("The Federal Circuit applies its own law with respect to issues of substantive patent law and certain procedural issues

1

pertaining to patent law, but applies the law of the regional circuits on non-patent issues.").

Recently, applying Ninth Circuit law, the Federal Circuit determined that the sufficiency of a patent infringement Complaint is governed by Official Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure ("Form 18"). K-Tech Telecomms., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283 (Fed. Cir. 2013). Citing Federal Rule of Civil Procedure 84, the Federal Circuit stated that "proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading." Id. The year before, the Federal Circuit applied Sixth Circuit law and came to the same conclusion. In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1333-34 (Fed. Cir. 2012); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) (Dyk, J., concurring in part and dissenting in part) (applying Fifth Circuit law).

Merus's argument amounts to an assertion that the Federal Circuit has essentially created a Twombly "off-ramp" for patent cases: when the principles set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), conflict with Form 18, compliance with Form 18 is sufficient. See K-Tech, 714 F.3d at 1283 (determining that "a proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading"). Neither Congress nor the Supreme Court has directly addressed this issue.

Case 1:14-cv-01650-KBF   Document 71   Filed 06/19/14   Page 3 of 9

Notably, the Federal Circuit has not addressed the proper relationship between Form 18 and Twombly under Second Circuit law.

Although the Second Circuit is in accord with the Ninth, Sixth, and Fifth Circuits insofar as it applies de novo review to district court determinations on Rule 12(b)(6) motions to dismiss, see, e.g., Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004) (citation omitted), it does not necessarily follow that the Second Circuit takes the same approach as these other circuits to Form 18. Since the Second Circuit has not addressed the issue (and the Federal Circuit has given no indication as to what it believes the Second Circuit would decide if faced with the question), the Court considers the issue based on its own view of Second Circuit precedent.[1]

A recent district court in the Fourth Circuit engaged in a thorough analysis of the relevant history and case law concerning Form 18; it ultimately rejected the Federal Circuit line of cases and declined to exempt patent actions from Twombly.

---

[1] While certain district courts in this Circuit have addressed the applicability of Form 18, they have done so without consideration of Second Circuit law. Rather, they cite to Federal Circuit cases – which, as stated, apply the law of other circuits – as a guidepost. See, e.g., 3D Sys., Inc. v. Formlabs, Inc., No. 13-cv-7973, 2014 WL 1904365, at *5-6 (S.D.N.Y. May 9, 2014); Orientview Techs. LLC v. Seven For All Mankind, LLC, No. 13-cv-0538, 2013 WL 4016302, at *5 (S.D.N.Y. Aug. 7, 2013); Hon Hai Precision Indus. Co. v. Wi-Lan, Inc., No. 12-cv-7900, 2013 WL 2322675, at *4 (S.D.N.Y. May 28, 2013) (acknowledging that Federal Circuit precedent is "merely persuasive authority"); Automated Transaction LLC v. New York Cmty. Bank, No. 12-cv-3070, 2013 WL 992423, at *3 (E.D.N.Y. Mar. 13, 2013); ArrivalStar S.A. v. Port Auth. of N.Y. & N.J., No. 11-cv-1808, 2012 WL 1059693, at *1 (S.D.N.Y. Mar. 29, 2012). This Court disagrees with this approach. This Court believes the proper approach is to consider how the Second Circuit would likely analyze the question, drawing on analogous case law and established principles.

Macronix Int'l Co. v. Spansion, Inc., No. 13-cv-679, 2014 WL 934505, at *4-7 (E.D. Va. Mar. 10, 2014). The court reasoned that the Federal Circuit "took the view that Twombly 'did not really change the pleading requirement of the Federal Rule of Civil Procedure 8 as articulated by Conley,'" id. at *4 (quoting McZeal, 501 F.3d 1356 n.4), but that such a view is at odds with the Fourth Circuit's interpretation of Twombly. Id. at *4-6 (holding that "it is high time that counsel in patent cases" determine "exactly what claims should be alleged to be infringed and how they are infringed" prior to filing a Complaint).

This Court finds that the Federal Circuit's determination that Twombly is inapplicable to patent cases conflicts with significant Second Circuit precedent applying the principles of Twombly at the pleading stage of civil cases.

As an initial matter, it bears noting that Form 18 is only one of many forms: the Appendix to the Federal Rules of Civil Procedure in fact contains over 30 forms. There are forms for, inter alia, commencing negligence actions (Form 11), copyright infringement actions (Form 19), third-party actions (Form 16), and actions to require specific performance of a contract to convey land (Form 17). Yet, in a wide variety of contexts in which those types of actions are at issue, the Second Circuit has, since 2007 when Twombly was decided, consistently required compliance with the principles set forth in Twombly. See, e.g., Keiler v. Harlequin Enters. Ltd., – F.3d – , 2014 WL 1704474, at *3 (2d Cir. May 1, 2014) (breach of contract); Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 62 (2d Cir. 2010) (copyright infringement); Bayerische Landesbank, N.Y. Brand v. Aladdin Capital

4

Mgmt. LLC, 692 F.3d 42, 64 (2d Cir. 2012) (negligence; citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

This Court has found no basis in Second Circuit precedent to treat patent cases differently from other cases in which forms exist and to which Twombly applies. The principles set forth in Twombly apply to the evaluation of pleadings in patent infringement cases in this Circuit.

Thus, the sufficiency of Regeneron's claim for patent infringement is assessed pursuant to the basic elements set forth in Form 18 as well as the guidance provided in Twombly.

## II. DISCUSSION

### a. Legal Framework

Form 18 requires little by way of pleading: only a statement of jurisdiction, the date that the patent issued, the ownership rights of the plaintiff in the patent, a general statement that the defendant has infringed and is still infringing by making, using or selling a product that embodies the patented invention, that the plaintiff has complied with marking requirements and provided the defendant with notice of infringement. See Fed. R. Civ. P. Form 18 (2007).

Twombly requires more. Twombly requires that a plaintiff provide the grounds upon which its claim rests through factual allegations sufficient to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. A Complaint must allege "enough facts to state a claim to relief that is plausible on its face."

Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570); see also Iqbal, 556 U.S. at 677-78 (same).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In applying that standard, the court accepts as true all well-plead factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id. If the court can infer no more than "the mere possibility of misconduct" from the factual averments – in other words, if the well-pleaded allegations of the Complaint have not "nudged claims across the line from conceivable to plausible," dismissal is appropriate. Twombly, 550 U.S. at 570; Starr, 592 F.3d at 321 (quoting Iqbal, 556 U.S. at 678). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

b. Analysis

Regeneron's allegations cover each of the elements in Form 18: a basis for jurisdiction, ownership of the patent(s) upon which its claims are based, and that Merus is making a product (a genetically modified mouse) that directly infringes on its patent. Regeneron alleges that Merus has been aware of its infringing activity for some time and "wilfully, wantonly and deliberately" has continued to engage in acts of infringement. (Compl. ¶ 27.) This pleading satisfies any notice requirement.

Regeneron's claims are also adequate under Twombly. Regeneron asserts that "Merus has made a genetically modified mouse that comprises, in its germline,

at least human unrearranged heavy chain variable region gene segments inserted at an endogenous mouse immunoglobulin locus and that produces an antibody comprising a human variable region and a mouse constant region." (Id. ¶ 24.) Regeneron specifically asserts that Merus's conduct falls within the scope of claim of its patent (id. ¶ 25); and that its MeMo mouse and related products and technologies infringe (id.).

Merus asserts that the Complaint must be dismissed because it failed to provide Merus with notice of Regeneron's claims before filing suit and that its allegations simply restate the statutory language and are insufficiently pled under Twombly. At base, Merus asserts that Regeneron has failed to provide it with adequate notice (whether in the form of a pleading or otherwise) "of what it is being accused of doing." (Merus Mem. at 2.) Neither argument is availing.

i. Notice

There is no statutory or case law requirement that a patent holder provide an alleged infringer with notice of its claim of infringement prior to filing suit. If such a requirement existed, one would certainly expect it to be contained Title 35 of the United States Code §§ 101, et seq.

Merus's basis for asserting the existence of such requirement is based on a misreading of Form 18. On its face, the language in Form 18 relating to notice is with regard to marking and damage claims. That language does not create what would be a substantive statutory requirement regarding ripeness. Indeed, Rule 84 of the Federal Rules of Civil Procedure states that the forms "illustrate the

simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Neither Rule 84 nor any of the prior procedural rules purport to create substantive requirements for patent suits. Rather, Form 18, as with other Appendix forms, was drafted against the backdrop of the substantive law.

### ii. Twombly

The pleading principles set forth in Twombly do not privilege length of allegations over substance. Here, it is true, plaintiff has alleged relatively little about its claim. But, it has said enough. It has alleged a specific patent and a specific product that allegedly infringes that patent by virtue of certain specific characteristics. (See Compl. ¶ 24 ("Regeneron is informed and believes, and on that basis alleges, that Merus has made a genetically modified mouse that comprises, in its germline, at least human unrearranged heavy chain variable region gene segments inserted at an endogenous mouse immunoglobulin locus and that produces an antibody compromising a human variable region and a mouse constant region.")). At this stage of the case, this allegation pleads a plausible claim for infringement. Whether developments in the evidence will show non-infringement or some other defense is not a matter for this Court to consider at this preliminary stage.

Merus argues it does not have sufficient information to understand the scope of the litigation. The scope is clear – it is as broad as the alleged infringing mouse and the uses to which it has been put. That scope may well narrow – but it is clear that that is what plaintiff is asserting.

For all of these reasons, Regeneron's Complaint against Merus survives dismissal.

III.   CONCLUSION

Merus's motion to dismiss is hereby DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 40. The parties are reminded that a status conference is scheduled to occur on **July 24, 2014** at **12:00 p.m.**

SO ORDERED.

Dated:     New York, New York
           June 18, 2014

_____
KATHERINE B. FORREST
United States District Judge