# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7149
rkrebs@irell.com

October 16, 2014

**VIA ECF**

The Honorable Katherine B. Forrest                **PUBLIC VERSION**
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:     Regeneron Pharmaceuticals, Inc. v. Merus B.V., Case No. 14-CV-1650-KBF
>          [rel.14-CV-1651-KBF]

Dear Judge Forrest:

Pursuant to the Court's October 7 and October 9 Orders, Regeneron moves to compel Johnson & Johnson Development Corporation ("JJDC") to produce—in unredacted form—the documents attached as Exhibits 1-17 to this letter. Order D.I. 170 ("Additional specific documents may always be raised with the court for a specific ruling."); Order D.I. 165 at 4 ("It is one thing to represent a scope of production based on burden, and another to go to the extra-work of redacting information from documents you had decided are otherwise responsive. In such case, the burden argument mutates into a substantive sword."). **Regeneron respectfully requests that the Court order JJDC to submit to the Court for *in camera* review the unredacted versions of these documents, including any attachments to the emails, so the Court may make specific rulings, as contemplated in the October 9 Order. D.I. 170. Regeneron also respectfully requests that upon review of the unredacted documents, the Court compel JJDC to (1) re-produce such documents in unredated form, and (2) re-produce any other documents in unreacted form that JJDC previously produced with substantively similar redactions.[1]**

JJDC does not dispute that the documents attached as Exhibits 1-17 to this letter are responsive to Regeneron's subpoena. JJDC itself determined that the documents are responsive and discoverable. The problem is that JJDC heavily redacted the documents—and not on privilege grounds—before producing them. JJDC undertook this extra work of redaction *after* complaining to the Court that it should not be required to produce certain types of documents because collecting and reviewing such documents would be too burdensome. D.I. 66 at 1-2. JJDC then mutated that burden argument, through its extensive redaction exercise, into what the Court characterized as potentially "a substantive sword." D.I. 165 at 4.

---

[1] JJDC's redactions in its document production are extensive. JJDC has produced 1,216 documents in response to Regeneron's subpoena. Of those 1,216 documents, JJDC has made redactions on 576 documents (or 47%) of its total production.

3160667

I R E L L  &  M A N E L L A  LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Katherine B. Forrest
October 16, 2014
Page 2

JJDC's redactions to Exhibits 1-17 are extensive. Even the file names of attachments have been redacted. *E.g.,* Ex. 3 at -939. From what little was left unredacted in the documents, it appears that the redacted information relates to relevant issues such as ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████ All of this information is squarely within the scope of Regeneron's subpoenas, which encompass, for example, critical information about: (1) JJDC's analyses of the value of Merus and Merus's mice, as well as antibodies produced by such mice; (2) JJDC's return on investment analyses related to Merus; (3) JJDC's analyses of the competitive landscape, including competitors of Merus (such as Regeneron) and reasonable alternatives to the Merus MeMo mouse; and (4) JJDC's technical analyses of Merus's mice and Regeneron's IP. *E.g.,* D.I. 60-2. Such information is relevant to validity issues such as objective indicia of non-obviousness, infringement, and damages. *See, e.g.,* D.I. 157 at 2-3.

JJDC contends that the redacted information is "non-responsive,"[2] but Regeneron is concerned that JJDC is not using the phrase "non-responsive" to mean "not responsive to Regeneron's subpoena." JJDC already has determined that Exhibits 1-17 each fall into one or more categories specified in Regeneron's subpoena. Given the context of the sampling of redactions described above, it appears that JJDC may be using the phrase "non-responsive" to encompass information that is relevant under Rule 26(b)(1), but that JJDC—as an investor in Merus—would simply prefer not to disclose to Regeneron. Redactions on such grounds are not permitted. They tip the playing field and interfere with a full and fair resolution of the case.

JJDC never disclosed to the Court, or to Regeneron, that it intended to redact from responsive documents any information that is relevant to this case. The only redactions mentioned by JJDC were redactions to "highly sensitive business information dealing with **non-Merus** investments." D.I. 66 at 3. Regeneron has no interest in such information, but Regeneron has subpoenaed, and has every right to discover, information relating to JJDC's investments in Merus because such information, including its internal analyses, is relevant to this case. Indeed, when Merus moved to quash Regeneron's subpoena to JJDC (along with subpoenas to various other third parties), the Court denied the motion and specifically recognized that "internal analyses may be relevant." D.I. 50 at 4. Thus, to the extent JJDC contends any of its redactions are proper solely because, regardless of relevance, the redacted material is "purely internal" to JJDC (a limitation that has no clear boundaries), that contention is contrary to the scope of permissible discovery under Rule 26(b)(1) and the Court's prior Order that "internal analyses may be relevant."

JJDC cannot claim that production of unredacted versions of Exhibits 1-17, and any other document that it produced with similar redactions, would be unduly burdensome. The documents have already been collected and reviewed by JJDC's counsel and presumably stored on their servers

_____

[2] D.I. 157-08 at Nos. 7-8, 13, 15, 20-21, 34, 69, 128, 134, 135, 166, 170, 197, 208, 221, 237, 252, 266, 269-270, 608, & 616.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Katherine B. Forrest
October 16, 2014
Page 3

in unredacted form; re-producing them without redactions literally entails a few clicks of the mouse. Even if re-production without redactions were to entail some additional burden, that would be a circumstance of JJDC's own making. Regeneron ought not be the one to suffer for JJDC's previously-unannounced decision to take a free-hand with redactions in the first instance. Regeneron should not be denied the opportunity to discover the facts relevant to its claim, including damages against Merus.

Nor can JJDC claim that it would be prejudiced by producing Exhibits 1-17 in unredacted form. JJDC designated every single one of the redacted documents at the highest level of protection under the Protective Order, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, and could designate the unredacted documents the very same way.[3] Such a designation affords an enormous amount of protection under the Protective Order. *See, e.g.*, D.I. 49 ¶ 5(e). If JJDC believes that the Protective Order is in any way inadequate, it could propose additional restrictions to satisfy any concerns. It has never done so. As the Court already has commented in rejecting a request for such a free-hand with redactions, the "protections in the Protective Order should be sufficient." 14-cv-1651, D.I. 47 at 4 ("A free-hand with redactions will cause needless additional work in (1) redacting, (2) meeting and conferring over redactions, (3) seeking court intervention over redactions, (4) possibly 'redoing' productions if the Court orders contrary to the redacting party.").

Accordingly, Regeneron respectfully requests that the Court order JJDC to submit to the Court for *in camera* review the unredacted versions of Exhibits 1-17,[4] including any attachments to the emails, so the Court may determine whether such information is relevant and order JJDC to re-produce such documents, and any other documents that it produced with substantively similar redactions, in unredacted form.

Respectfully submitted,

Richard W. Krebs

---

[3] Regeneron takes no position, sight unseen, regarding whether such designations would be appropriate.

[4] JJDC-REG_00000392-423 (Ex. 1); JJDC-REG_00000825-827 (Ex. 2); JJDC-REG_000000939-971 (Ex. 3); JJDC-REG_00003042-3049 (Ex. 4); JJDC-REG_00003092-3097 (Ex. 5); JJDC-REG_00003149-3155 (Ex. 6); JJDC-REG_00006029-6031 (Ex. 7); JJDC-REG_00006042-6044 (Ex. 8); JJDC-REG_00006077 (Ex. 9); JJDC-REG_00006201-6231 (Ex. 10); JJDC-REG_00006236-6237 (Ex. 11); JJDC-REG_00006250-6251 (Ex. 12); JJDC-REG_00006261-6266 (Ex. 13); JJDC-REG_00006442-6443 (Ex. 14); JJDC-REG_00006542-6547 (Ex. 15); JJDC-REG_00007954-7956 (Ex. 16); and JJDC-REG_00008715-8717 (Ex. 17)

3159227