UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC., | Civil Action No. 14-cv-1650 |
| Plaintiff, Counterclaim Defendant | Honorable Katherine B. Forrest |
| v. | |
| MERUS N.V., | |
| Defendant, Counterclaim Plaintiff. | |

## REGENERON'S RESPONSE IN OPPOSITION TO
## MERUS'S MOTION FOR ATTORNEYS' FEES, EXPERTS' FEES, AND COSTS

# TABLE OF CONTENTS

I.      Introduction ........................................................................................................1

II.     Background ........................................................................................................2

III.    Legal Standard ..................................................................................................3

        A.      Attorneys' Fees Under 35 U.S.C. § 285 ................................................3

        B.      Sanctions Pursuant to the Court's Inherent Authority ..........................5

IV.     Sanctions in the Form of Fees Are Not Warranted Because the Court
        Already Sanctioned Regeneron by Drawing an Adverse Inference and
        Holding Regeneron's Patent Unenforceable ........................................................5

V.      The Dissenting Opinions on Appeal Demonstrate That This Is Not an
        Exceptional Case ................................................................................................8

VI.     The Court Should Not Award All of Merus's Fees Because Merus Elected
        to Continue Litigating Rather Than Accepting a Final Judgment in Its
        Favor ..............................................................................................................11

VII.    Merus Should Not Receive Expert Fees and Costs Because Regeneron's
        Use of Experts Was Not Improper, and This Case Was Not Beyond
        Exceptional .......................................................................................................13

VIII.   Conclusion ......................................................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amsted Indus. v. Buckeye Steel Castings Co.*,
    23 F.3d 374 (Fed. Cir. 1994) ................................................................... 5, 14

*Aptix Corp. v. Quickturn Design Systems, Inc.*,
    269 F.3d 1369 (Fed. Cir. 2001) ................................................................. 10

*Bayer Schering Pharma AG v. Sandoz, Inc.*,
    2012 U.S. Dist. LEXIS 189300 (S.D.N.Y. Aug. 24, 2012) ...................... 1, 3, 8

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*,
    95 Civ. 8833, 2002 U.S. Dist. LEXIS 13706 (S.D.N.Y. July 25, 2002) ................. 13, 14

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
    Nos. 92-1372, 92-1402, 1993 U.S. App. LEXIS 22042 (Fed. Cir. Aug. 31, 1993) .......... 4

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ................................................................................ 5

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*,
    858 F.3d 1371 (Fed. Cir. 2017) ................................................................. 4

*Consol. Aluminum Corp. v. Foseco Int'l Ltd.*,
    910 F.2d 804 (Fed. Cir. 1990) ................................................................... 4

*Enel Co. v. Schaefer*,
    No. 12-1369, Slip Op. (S.D. Cal. Sept. 15, 2014) ........................................ 12

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
    No. 13-cv-00010, Slip Op. (D.N.D. Mar. 16, 2016) ..................................... 5, 14

*Extreme Networks, Inc. v. Enterasys Networks, Inc.*,
    No. 07-cv-229-bbc, Slip Op. (W.D. Wis. July 11, 2012) ................................ 7

*Forest Labs., Inc. v. Abbott Labs.*,
    339 F.3d 1324 (Fed. Cir. 2003) ................................................................. 3

*Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd.*,
    292 F.3d 1363 (Fed. Cir. 2002) ................................................................. 4

*Hoffmann-La Roche Inc. v. Invamed Inc.*,
    213 F.3d 1359 (Fed. Cir. 2000) ................................................................. 12

*Icon Health & Fitness, Inc. v. Octane Fitness, LLC*,
    127 F. Supp. 3d 1004 (D. Minn. 2015) ....................................................... 13

*iLOR, LLC v. Google, Inc.*,
    631 F.3d 1372 (Fed. Cir. 2011)...................................................................... 10

*ISCO Int'l, Inc. v. Conductus, Inc.*,
    279 F. Supp. 2d 489 (D. Del. 2003) .............................................................. 10

*J.P. Stevens Co., Inc. v. Lex Ltd., Inc.*,
    822 F.2d 1047 (Fed. Cir. 1987) ....................................................................... 4

*Jack Frost Labs. v. Physicians & Nurses Mfg. Corp.*,
    No. 92 Civ. 9264, 1996 U.S. Dist. LEXIS 4416 (S.D.N.Y. Apr. 8, 1996) ...................... 14

*Liquidnet Holdings, Inc. v. Pulse Trading, Inc.*,
    No. 07 Civ. 6886 (SAS), 2011 U.S. Dist. LEXIS 67920
    (S.D.N.Y. June 22, 2011) .............................................................................. 11

*Loops Ltd. Liab. Co. v. Phx. Trading, Inc.*,
    No. C08-1064RSM, 2016 U.S. Dist. LEXIS 155694 (W.D. Wash. Nov. 9, 2016)........... 7

*MarcTec, LLC v. Johnson & Johnson*,
    664 F.3d 907 (Fed. Cir. 2012).................................................................. 13, 14

*Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*,
    603 F.3d 943 (Fed. Cir. 2010)............................................................... 5, 12, 15

*Modine Mfg. Co. v. Allen Group, Inc.*,
    917 F.2d 538 (Fed. Cir. 1990)......................................................................... 4

*Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*,
    No. 00 C 6402, 2003 WL 21663673 (N.D. Ill. 2003) ........................................... 4

*Nelson v. K2 Inc.*,
    No. C07-1660RSL, 2009 U.S. Dist. LEXIS 41025 (W.D. Wash. Apr. 27, 2009).......... 12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    134 S. Ct. 1749 (2014) ........................................................................... 4, 7, 8

*Orion IP, LLC v. Mercedes-Benz USA, LLC*,
    No. 6:05 CV 322, 2008 U.S. Dist. LEXIS 108683 (E.D. Tex. Mar. 28, 2008) ................ 7

*Paper Converting Mach. Co. v. Magna-Graphics Corp.*,
    788 F.2d 1536 (Fed. Cir. 1986)....................................................................... 8

*Phillip M. Adams & Assocs., L.L.C. v. Sony Elecs. Inc.*,
    No. 1:05-CV-64 TS, 2011 U.S. Dist. LEXIS 117169 (D. Utah Sept. 26, 2011) .............. 7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    No. 09-cv-05235-MMC, 2017 U.S. Dist. LEXIS 5561 (N.D. Cal. Jan. 13, 2017)........... 4

*Power Mosfet Techs., LLC v. Siemens AG,*
    378 F.3d 1396 (Fed. Cir. 2004)........................................................ 4

*Regeneron Pharm., Inc. v. Merus N.V.,*
    878 F.3d 1041 (Fed. Cir. 2017)................................................. 3, 6, 10

*Regeneron Pharms., Inc. v. Merus B.V.,*
    144 F. Supp. 3d 530 (S.D.N.Y. 2015)..................................... 5, 7, 9

*Regeneron Pharms., Inc. v. Merus N.V.,*
    864 F.3d 1343 (Fed. Cir. 2017)................................... 1, 3, 6, 9, 13

*Stryker Corp. v. Intermedics Ortho., Inc.,*
    962 F. Supp. 357 (E.D.N.Y. 1997) ............................................ 12

*Takeda Chem. Indus. v. Mylan Labs., Inc.,*
    No. 03 CIV. 8253 (DLC), 2007 U.S. Dist. LEXIS 19614
    (S.D.N.Y. Mar. 21, 2007) ........................................................ 13

*Therasense, Inc. v. Becton, Dickenson & Co.,*
    745 F.3d 513, 518 (Fed. Cir. 2014).......................................... 7, 12

*Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.,*
    231 F.3d 1339 (Fed. Cir. 2000).................................................. 8

**Rules**

Federal Rule 54(d)(2)(C) ................................................................ 15

**Statutory Authorities**

35 U.S.C. § 285 ................................................................... 3, 4, 15

# I.     <u>Introduction</u>

Merus asks this Court to award attorney fees on the grounds that this is an "exceptional case" that "should never have been brought."  But Regeneron's positions taken in opposing Merus's unenforceability allegations were far from meritless, as indicated by Judge Newman's lengthy and well-reasoned dissenting opinion in the Federal Circuit appeal, which concluded that the withheld documents were not but-for material, and further noted that Regeneron's litigation conduct could not give rise to a finding of inequitable conduct during patent prosecution a decade earlier.  *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1365-74 (Fed. Cir. 2017) (Newman, J., dissenting).  Moreover, Judge Newman noted that the European Technical Board of Appeals later found the related patent (EP '287) patentable over the same documents not before the U.S. patent office.  *Id.* at 1373.

Judge Gardephe's decision in *Bayer Schering Pharma AG v. Sandoz, Inc*., 2012 U.S. Dist. LEXIS 189300, at *16 (S.D.N.Y. Aug. 24, 2012), is instructive.  There, this Court found Bayer's arguments "frivolous" and "indisputably meritless."  Yet the Court later denied a post-appeal motion for attorneys' fees because **"Bayer [had] succeeded in persuading one [Federal Circuit] judge on the panel of the merits of its arguments," which "refute[d] the notion that Bayer's litigation position was objectively baseless."**  *Id.* at *17 (citations omitted) (emphasis added).

Here, just as in *Bayer*, the Court should deny Merus's motion for attorneys' fees, or at a minimum, expert fees and costs, self-inflicted fees and costs, and appeal fees.  <u>First</u>, even if this case were exceptional, the Court should exercise its discretion and deny fees because the Court has already sanctioned Regeneron twice, initially by not permitting its witnesses to testify and then a second time by inferring deceptive intent for the same conduct underlying Merus's claim for fees.

Second, Judge Newman's dissent, among other things, confirms that Regeneron's inequitable conduct positions were neither frivolous nor baseless, and thus this case was not exceptional.

Third, even if the Court agrees to some award, the Court should not award Merus all of its fees. Merus elected to continue litigating this case after Regeneron moved for entry of judgment. Indeed, the bulk of the fees sought are likely for the period after Regeneron moved for entry of judgment in Merus's favor. Merus should not be allowed to collect on fees it could have avoided.

## II.  **Background**

Regeneron filed this suit in March 2014, alleging infringement of U.S. Patent No. 8,502,018 ("the '018 patent"). The '018 patent relates generally to targeting and modifying specific genes in mice so that the mice develop therapeutically useful antibodies. After briefing on claim construction and a *Markman* hearing, this court issued its claim construction Order, on November 21, 2014. D.I. 210.

In light of the Court's claim construction Order, on December 19, 2014, Regeneron moved for entry of final judgment of invalidity and non-infringement. D.I. 236. **Merus opposed an entry of judgment in its favor** and instead sought to continue litigating the case.

The case then proceeded through expert discovery and a trial on Merus's counterclaim of inequitable conduct. The Court ultimately held the '018 patent unenforceable for inequitable conduct based on: (1) its finding that the '018 patent would not have issued had the Examiner considered any of four references and two briefs from a European opposition proceeding; and (2) an adverse inference of intent to deceive the patent office arising from conduct during litigation. D.I. 423.

Regeneron appealed.  After hearing oral argument, the Federal Circuit affirmed in an extensive precedential 2-1 opinion, with a lengthy dissent by Judge Newman.  Judge Newman found none of the references or briefs but-for material, and noted that later litigation conduct could not give rise to a finding of inequitable conduct in patent prosecution years earlier. *Regeneron*, 864 F.3d at 1366-73.  Regeneron petitioned for *en banc* rehearing, which the Federal Circuit denied in a precedential order, after receiving briefs from six amici curiae in support of *en banc* rehearing.  *Regeneron Pharm., Inc. v. Merus N.V.*, 878 F.3d 1041, 1043 (Fed. Cir. 2017) (Newman, J., dissenting from denial of reh'g en banc, joined by Reyna, J.) ("Seven Chicago Patent Lawyers state that 'this case raises an important Constitutional issue: whether a district court's imposition of an adverse inference sanction, which bypassed proceedings on specific intent to deceive the USPTO for inequitable conduct, violated the procedural due process protections of the Constitution.' . . . The Washington Legal Foundation observes that 'the district court never conducted any sort of evidentiary hearing on the issue.'").  Judge Newman, joined by Judge Reyna, dissented from the denial of rehearing, and reiterated the concerns in her dissent from the panel opinion.  *Id.*

## III.   Legal Standard

### A.   Attorneys' Fees Under 35 U.S.C. § 285

A court should award attorneys' fees under 35 U.S.C. § 285 only where they are "necessary to prevent 'a gross injustice.'"  *Bayer Schering Pharma AG v. Sandoz, Inc.*, 2012 U.S. Dist. LEXIS 189300, at *12-*13 (S.D.N.Y. Aug. 24, 2012) (citation omitted).  A court can award attorneys' fees to the prevailing party under 35 U.S.C. § 285 only if it finds the case "exceptional" after analyzing "the totality of the circumstances," including, *e.g.*, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and

3

deterrence." *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 134 S. Ct. 1749, 1756 & n.6 (2014) (citation omitted).

As the Federal Circuit has noted, "fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017), quoting *Octane Fitness*, 134 S. Ct. at 1753.  Thus, "[w]here a party has set forth **some good faith argument in favor of its position**, it will generally not be found to have advanced exceptionally meritless claims." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc*., No. 09-cv-05235-MMC, 2017 U.S. Dist. LEXIS 5561, at *18 (N.D. Cal. Jan. 13, 2017) (citation omitted) (emphasis added).  Moreover, "even an exceptional case does not require in all circumstances the award of attorney fees." *Modine Mfg. Co. v. Allen Group, Inc*., 917 F.2d 538, 543 (Fed. Cir. 1990) (citation omitted).  Any award of "attorney fees under section 285 should be tailored by a court to the situation before it." *Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1415 (Fed. Cir. 2004).

Finally, the Federal Circuit has held that "inequitable conduct alone need not compel a finding that the case is exceptional." *Consol. Aluminum Corp. v. Foseco Int'l Ltd*., 910 F.2d 804, 814 (Fed. Cir. 1990).  Thus, courts routinely decline to find cases exceptional and award attorneys' fees under § 285 notwithstanding a finding of inequitable conduct.  *See J.P. Stevens Co., Inc. v. Lex Ltd., Inc*., 822 F.2d 1047, 1051-52 (Fed. Cir. 1987) (denying fees despite finding of inequitable conduct); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc*., Nos. 92-1372, 92-1402, 1993 U.S. App. LEXIS 22042, at *15 (Fed. Cir. Aug. 31, 1993) ("Inequitable conduct before the PTO does not necessarily warrant the award of attorney fees."); *Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd*., 292 F.3d 1363, 1377-78 (Fed. Cir. 2002) (affirming finding of inequitable conduct but "declining to declare this an exceptional case");

*Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2003 WL 21663673, at *7 (N.D. Ill. 2003) ("[T]his Court concludes that the Defendants' conduct, although it satisfies the standard for inequitable conduct, falls short of the level of culpability necessary for a finding of exceptional circumstances which would support an award of attorney's fees"), *aff'd*, 108 F. App'x 626 (Fed. Cir. 2004); *Energy Heating, LLC v. Heat On-The-Fly, LLC*, No. 13-cv-00010, Slip Op. at 7 (D.N.D. Mar. 16, 2016) (finding case not exceptional: "even though the evidence at trial was sufficient for the jury to find bad faith by clear and convincing evidence and for the court to find inequitable conduct by clear and convincing evidence, HOTF's evidence and arguments at trial were neither specious nor without merit.") (attached as Exhibit A).

### B.   Sanctions Pursuant to the Court's Inherent Authority

"[T]he Supreme Court has emphasized that a court's inherent powers 'must be exercised with restraint and discretion.'" *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 966 (Fed. Cir. 2010), quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Accordingly, a Court cannot award expert fees pursuant to its inherent authority unless the case is "beyond exceptional." *Id.*, quoting *Amsted Indus. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 379 (Fed. Cir. 1994).

### IV.   Sanctions in the Form of Fees Are Not Warranted Because the Court Already Sanctioned Regeneron by Drawing an Adverse Inference and Holding Regeneron's Patent Unenforceable

The Court has already twice sanctioned Regeneron in connection with its litigation conduct. First, the Court penalized Regeneron when it precluded Regeneron's witnesses from testifying on inequitable conduct. *Regeneron Pharms., Inc. v. Merus B.V.*, 144 F. Supp. 3d 530, 595 (S.D.N.Y. 2015) (finding it "appropriate to preclude the testimony of Smeland, Murphy and Jones."). Second, the Court punished Regeneron when it inferred that those witnesses acted with the specific intent to deceive the patent office, based on later litigation conduct, and consequently

held Regeneron's patent-in-suit unenforceable.  *Id.* at 595-96 (imposing "the sanction of an adverse inference as to the intent of Smeland and Murphy with regard to inequitable conduct during patent prosecution.").

Notably, on appeal, two Federal Circuit judges expressed concerns about imposing such severe sanctions for "discovery and privilege disputes":

> Of particular concern are the district court's cancellation of its scheduled evidentiary hearing on the question of intent, and its subsequent nullification of the patent as a litigation sanction, based not on evidence of specific intent, but on inference. . . .
>
> Intent to deceive cannot be inferred; yet here, the district court inferred intent to deceive during prosecution and invalidated the patent, as a sanction for purported attorney misconduct during this litigation. . . .
>
> A sanction, by definition, is punishment; here, in holding the patent unenforceable.  This is a further departure from binding precedent, as equitable doctrines are not a source of a power to punish. . . .
>
> Here, no evidentiary record was developed on intent to deceive, with no testimony and no opportunity for examination and cross-examination of witnesses. . . . The panel majority thus convicts Regeneron, its counsel, and its scientists, with no trial, no evidence, and no opportunity to respond in their defense . . . .

*Regeneron*, 878 F.3d at 1042 (Newman, J., dissenting from denial of reh'g en banc, joined by Reyna, J.); *Regeneron*, 864 F.3d at 1365-67 (Newman, J., dissenting).  In addition, six amici curiae voiced "unanimous . . . apprehension" about the decision.  *Regeneron,* 878 F.3d at 1043 ("The Intellectual Property Law Association of Chicago observes that this ruling 'stigmatizes a prosecuting attorney for the sake of punishing his employer for the actions of litigation counsel.' The Biotechnology Innovation Organization writes that 'it is hard to understand how conduct having no direct nexus to evidence relating to intent to deceive the PTO could be relevant,' nor how it could 'require a finding of deceitful intent in light of all the circumstances.'").

Merus's motion for fees is based on the same facts underlying the Court's decision to draw the inference that rendered the '018 patent unenforceable.  *Compare Regeneron*, 144 F.

Supp. 3d 530, 582-95; *with* D.I. 426 at 3-17.  Awarding attorney fees as further sanctions for that

conduct would be excessive, especially in view of the concerns that Judge Newman, Judge

Reyna, and the six amici curiae raised regarding the original sanctions.  *See Phillip M. Adams &*

*Assocs., L.L.C. v. Sony Elecs. Inc*., No. 1:05-CV-64 TS, 2011 U.S. Dist. LEXIS 117169, at \*16

(D. Utah Sept. 26, 2011) ("The Court finds that no such award [of attorneys' fees] is warranted

here.  The ***Court has already granted a sanction against Defendants for their litigation***

***misconduct in the form of a negative inference*** instruction to the jury.") (emphasis added), *aff'd*

*in relevant part*, 519 F. App'x 998, 1007-08 (Fed. Cir. 2013) (finding it "reasonable for the

district court to decide against imposing two different penalties for the same conduct"); *Orion*

*IP, LLC v. Mercedes-Benz USA, LLC*, No. 6:05 CV 322, 2008 U.S. Dist. LEXIS 108683, at \*16

(E.D. Tex. Mar. 28, 2008) ("As the Court has already sanctioned . . . Hyundai for any

misconduct, awarding attorneys' fees for this same conduct would be inappropriate and akin to

punishing Hyundai twice for the same behavior."), *rev'd in part on other grounds*, 605 F.3d 967

(Fed. Cir. 2010); *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, No. 07-cv-229-bbc, Slip

Op. at 11 (W.D. Wis. July 11, 2012) ("I have already sanctioned Enterasys for the late

production in several ways; awarding attorney fees on top of those sanctions would be a windfall

for Extreme.") (attached as Exhibit B); *Loops Ltd. Liab. Co. v. Phx. Trading, Inc*., No. C08-

1064RSM, 2016 U.S. Dist. LEXIS 155694, at \*16 (W.D. Wash. Nov. 9, 2016) ("The Court

concludes that this is not an 'exceptional' case warranting an award of attorneys' fees. . . .

Defendants have already received sanctions sufficient for the purpose of deterrence of future

similar conduct."); *see generally Therasense, Inc. v. Becton, Dickenson & Co*., 745 F.3d 513,

515, 518 (Fed. Cir. 2014) (refusing to award "fees on fees," *i.e*., a penalty on top of a penalty).[1]

---

[1] *Octane Fitness* abrogated in part the pre-April 29, 2014 cases cited herein to the extent that

## V.    The Dissenting Opinions on Appeal
        Demonstrate That This Is Not an Exceptional Case

The dissenting opinions in Regeneron's appeal of this Court's decision on inequitable

conduct confirm that the case was not "frivolous[]" or "objective[ly] unreasonable[]." *Octane*

*Fitness*, 134 S. Ct. at 1756 n.6.

In *Bayer*, 2012 U.S. Dist. LEXIS 189300, at *16 (S.D.N.Y. Aug. 24, 2012), for example,

Judge Gardaphe found Bayer's arguments "frivolous" and "indisputably meritless."  Yet the

Court later denied a post-appeal motion for attorneys' fees because "Bayer [had] succeeded in

persuading one [Federal Circuit] judge on the panel of the merits of its arguments," which

"refute[d] the notion that Bayer's litigation position was objectively baseless."  *Id.* at *17, citing

*Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 788 F.2d 1536, 1537 (Fed. Cir. 1986)

("[T]he dissent filed in this panel tends to refute the idea that [appellant] was so unreasonable as

to render this appeal exceptional."); *see id.* at *20 n.5 ("Even if this case were 'exceptional,' this

Court would exercise its discretion to decline to award attorneys' fees, . . . given, inter alia, the

closeness of the question, as demonstrated by Judge Newman's dissent.").

The Court here found Regeneron committed inequitable conduct because of: (1) its

"fail[ure] to disclose but-for material information" to the patent office, in particular four

references and two briefs from a European opposition proceeding that discussed those

---

they required clear and convincing evidence of entitlement to attorneys' fees or "applied an
overly restrictive standard" requiring "that the litigation was both 'brought in subjective bad
faith' and 'objectively baseless.'"  134 S. Ct. 1749, 1755-58.  The "totality of the circumstances"
standard applied by pre-*Octane* cases, however, is still correct, and the reasoning of pre-*Octane*
cases therefore remains persuasive and applicable here.  *Compare Octane Fitness*, 134 S. Ct. at
1756 ("District courts may determine whether a case is 'exceptional' in the case-by-case exercise
of their discretion, considering the totality of the circumstance."); *with Yamanouchi Pharm. Co.,
Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000) ("In assessing whether a
case qualifies as exceptional, the district court must look at the totality of the circumstances.").

references; and (2) an adverse inference of intent to deceive the patent office arising from conduct during litigation.[2]  *Regeneron*, 144 F. Supp. 3d at 571-76.

Judge Newman disagreed on both counts.  First, she analyzed the four references and the two European opposition briefs and found none of them but-for material, concluding that the claims of the '018 patent would still have issued had the Examiner considered those references and briefs.  *Regeneron*, 864 F.3d at 1367-73.

Judge Newman also took issue with this Court's reliance on the European opposition proceeding itself, which involved a foreign counterpart (EP '287) to the '018 patent.  This Court found the claims of EP '287 "materially similar" to the claims of the '018 patent.  *Regeneron*, 144 F. Supp. 3d at 579, 581.  It then cited the revocation of EP '287 by the Opposition Division of the European Patent Office in view of a reference allegedly withheld during prosecution of the '018 patent as "highly relevant" evidence of but-for materiality.  *Id.* at 579-83.  Judge Newman pointed to the subsequent decision of the European Technical Board of Appeals, which reversed the Opposition Division's decision and found EP '287 patentable over the references and briefs allegedly withheld during prosecution of the '018 patent, as confirmation of the absence of but-for materiality.  *Regeneron*, 864 F.3d at 1373 (finding "no support—legally or factually—for the district court's reliance on the European opposition briefs to find these four references material to patentability" because "The European tribunal, with these references before it, did not find the claims unpatentable.").[3]

---

[2] Regeneron's positions concerning the alleged misconduct have been set forth in briefing and argument of record.  For the purposes of opposing Merus's fee motion, Regeneron will not seek to reargue these disputes.

[3] Since then, three more patents in the same EP '287 family have been granted over the same references that were found to be material in the United States: EP 2 264 163 ("EP '163"), EP 2 787 075, and EP 2 786 657.  Moreover, on February 7, 2018, the Opposition Division of the European Patent Office upheld the validity of the claims of EP '163 in their entirety without

Second, Judge Newman opined that "counsel's actions concerning discovery and the privilege log . . . cannot substitute for evidence of intent to deceive" under "long-standing, unambiguous, and binding" precedent on inequitable conduct.  *Id.* at 1366, citing, inter alia, *Aptix Corp. v. Quickturn Design Systems, Inc.*, 269 F.3d 1369, 1375 (Fed. Cir. 2001) ("Litigation misconduct . . . does not infect, or even affect, the original grant of the property right.").

Later, Judge Newman, joined by Judge Reyna, dissented again from the denial of rehearing *en banc*, reiterating that "neither the Supreme Court nor this court has ever declared a patent unenforceable due to litigation misbehavior."  *Regeneron,* 878 F.3d at 1042 (citation omitted).  As discussed above in Section II, six amici curiae filed briefs supporting *en banc* rehearing and arguing that an inference arising from actions during litigation cannot and should not render patents unenforceable.  *Id.* at 1042.

Thus, this case was not frivolous or objectively unreasonable because reasonable minds could—and did—differ on the merits of Regeneron's arguments and this Court's inequitable conduct determination.  *ISCO Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 2d 489, 512 (D. Del. 2003) (finding inequitable conduct but declining to award attorneys' fees because "[r]easonable minds could well have differed on the topic.").  Notably, the Federal Circuit heard oral argument and designated both the panel decision and the order denying *en banc* rehearing as precedential, which "suggests that [it] did not regard the case as frivolous."  *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1379 (Fed. Cir. 2011).

---

amendment.  Opposition proceedings for the remaining two European patents have not yet occurred.

## VI.   The Court Should Not Award All of Merus's Fees Because Merus Elected to Continue Litigating Rather Than Accepting a Final Judgment in Its Favor

More than three years ago, Regeneron moved to dismiss Merus's unenforceability counterclaim without prejudice and for entry of final judgment of invalidity and non-infringement, which, if upheld on appeal, would have absolved Merus of any infringement liability for the claims in this case and rendered Regeneron's claims invalid.  Regeneron filed its motion less than one month after the Court construed the claims.

As Regeneron explained at the time, its motion would have "facilitate[d] judicial efficiency" and allowed Merus to avoid incurring the costs and fees that it now seeks to recover. D.I. 237 at 9.  Regeneron specifically noted that "[b]y the time that the Court issued its *Markman* Order, expert discovery had not yet begun" and that "*[r]esolving Merus's inequitable conduct claims at trial would require depositions and testimony by multiple fact witnesses and by multiple experts on behalf of each party*.  Thus, it is conceivable that *resolving Merus's unenforceability claim would cost more than the cost of litigating infringement and validity*", at a much higher burden to the Court."  D.I. 251 at 9 (emphasis added).  Indeed, Judge Scheindlin has acknowledged in analogous circumstances that "the most prudent way to resolve th[e] matter, and the *most cost-effective way for the parties*, is to dismiss [the inequitable conduct claim], without prejudice" and enter "final judgment of non-infringement."  *Liquidnet Holdings, Inc. v. Pulse Trading, Inc*., No. 07 Civ. 6886 (SAS), 2011 U.S. Dist. LEXIS 67920, at *5, *10 (S.D.N.Y. June 22, 2011) (emphasis added) (citations omitted).

But Merus opposed Regeneron's effort to end the litigation in Merus's favor.  Indeed, Merus admitted in its opposition brief that it sought to protract the litigation—and presumably spent the bulk of its fees—merely to support its claim for fees.  D.I. 248 at 10 ("[A] finding of

inequitable conduct may independently serve as a basis for fees."); *see Therasense*, 745 F.3d at 516-18 (refusing to award fees associated with "pursuing . . . additional fees").

Merus's choice to continue litigating at the district court level should preclude it from recovering costs and fees.  At the very least, the Court should deny Merus's motion with respect to any costs and fees that Merus incurred after Regeneron filed its motion to dismiss, on December 19, 2014, as Merus inflicted on itself fees and costs after that date.  *Hoffmann-La Roche Inc. v. Invamed Inc*., 213 F.3d 1359, 1364 (Fed. Cir. 2000) (refusing to award fees to a party that "could have avoided this litigation and the expenses incurred in defending it"); *Medtronic*, 603 F.3d at 954 ("A sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants") (citation omitted); *Nelson v. K2 Inc*., No. C07-1660RSL, 2009 U.S. Dist. LEXIS 41025, at *4-6 (W.D. Wash. Apr. 27, 2009), *aff'd*, 364 F. App'x 648 (Fed. Cir. 2010) (accepting plaintiff's argument that "the fees defendants incurred after the Court's priority date ruling resulted from their own strategic choices": "When defendants rejected plaintiff's settlement offer and pursued their cross-claim of invalidity, plaintiff felt compelled to defend his patent.  While [plaintiff's argument] . . . was not well-supported, plaintiff had done what he could to avoid further litigation and expense, and it was not unreasonable for him to try to deflect a direct assault on his patent when defendants opted to continue the litigation."); *Enel Co. v. Schaefer*, No. 12-1369, Slip Op. at 7 (S.D. Cal. Sept. 15, 2014) ("Plaintiffs acted in good faith by offering to file a stipulated dismissal with prejudice of their claims against Lakeland.  Thus, Lakeland could have avoided incurring what is probably

the majority of the fees it seeks here and obtained the same ultimate result – a stipulated

dismissal with prejudice – six months sooner.") (attached as Exhibit C).[4]

## VII.   Merus Should Not Receive Expert Fees and Costs Because Regeneron's Use of Experts Was Not Improper, and This Case Was Not Beyond Exceptional

Merus concedes that § 285 does not encompass expert fees and costs but fails to explain

how Regeneron's conduct meets the heightened standard for awarding such fees pursuant to the

Court's inherent authority.  As an initial matter, Merus relies on cases where Courts awarded

expert fees based on the sanctioned party's improper use of experts.  Merus's reliance on these

cases is misplaced, however, because Regeneron's use of experts was not improper, and Merus

does not allege otherwise.  *See* D.I. 426 at 22-24, citing *Bristol-Myers Squibb Co. v. Rhone-*

*Poulenc Rorer*, Inc., 95 Civ. 8833 (RPP), 2002 U.S. Dist. LEXIS 13706, at *37-39 (S.D.N.Y.

July 25, 2002) ("RPR also increased costs during the discovery process by ***retaining 49 medical***

***oncology experts*** to give expert testimony . . . . As a result of RPR's ***inordinate use of experts***,

Bristol was forced to take each expert's deposition as well as retain many experts to counter the

proffered testimony.") (emphasis added); *Takeda Chem. Indus. v. Mylan Labs., Inc*., 2007 U.S.

Dist. LEXIS 19614, at *43-*44 (S.D.N.Y. Mar. 21, 2007) ("Takeda brought to this task experts

---

[4] Merus also should not receive any fees associated with Regeneron's appeal because Merus has neither requested any such fees nor shown that the appeal was "independently exceptional." *Therasense*, 745 F.3d at 517; *see, e.g., Stryker Corp. v. Intermedics Ortho., Inc*., 962 F. Supp. 357, 360 (E.D.N.Y. 1997) ("[A]bsent a showing that the appeal in this case was itself exceptional, an award of attorneys' fees and disbursements for the legal services rendered on the appeal would be improper."); *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 127 F. Supp. 3d 1004, 1008 (D. Minn. 2015) (denying fees and costs to the extent they relate to appeal and remand proceedings that were "not exceptional"), *amended*, 2015 WL 5638033 (D. Minn. Sept. 24, 2015), *aff'd*, 2017 WL 3668968 (Fed. Cir. Aug. 25, 2017).  The appeal here was not exceptional at least because it resulted in a precedential opinion, a precedential order, and two dissenting opinions.  Moreover, Courts have refused to award fees to the party that prevailed on appeal if the appellate "Court broke new ground . . . by rejecting the [old legal] standard," *Icon Health*, 127 F. Supp. 3d at 1008, which, according to Judge Newman, occurred here.  *See Regeneron*, 864 F.3d at 1366 (Newman, J., dissenting) ("An unbroken line of precedent strictly limits the inequitable conduct inquiry to a patentee's conduct before the examiner.").

of impeccable credentials . . . .  [T]he defendants' experts were far less impressive, had not done their homework regarding the issues at stake in this case, and often ventured from their fields of expertise."); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921-22 (Fed. Cir. 2012) ("Cordis was forced to incur expert witness expenses to rebut MarcTec's unreliable and irrelevant expert testimony which was excluded under *Daubert*.")

Merus has not alleged that Regeneron retained too many experts.  Nor has Merus identified any unqualified or unprepared expert.  And the Court did not exclude the testimony of any of Regeneron's experts as unreliable under *Daubert*.  Merus relies instead on a footnote in this Court's decision on inequitable conduct, where the Court was of the view that one of Regeneron's experts wavered on a claim construction.  D.I. 426 at 24, citing D.I. 423 at 57, n.31. Merus asserts the testimony "greatly multiplied the expert costs."  *Id.*  But Merus does not attempt to explain how the testimony forced Merus to incur any additional costs, let alone costs commensurate with those required to rebut nearly fifty experts.  *See Bristol-Myers Squibb*, 2002 U.S. Dist. LEXIS 13706, at *37-39.

The Court's inequitable conduct holding also does not justify an award of expert fees and costs.  In *Jack Frost Labs. v. Physicians & Nurses Mfg. Corp.*, No. 92 Civ. 9264 (MGC), 1996 U.S. Dist. LEXIS 4416, at *3-5 (S.D.N.Y. Apr. 8, 1996), for example, "P&N proved by clear and convincing evidence that Jack Frost engaged in inequitable conduct during the prosecution of its patent application."  Despite finding the case exceptional, the Court nevertheless declined to exercise its inherent authority to award expert fees to P&N because "Jack Frost's conduct in the prosecution of this action was not sufficiently egregious to meet the standard established in *Amsted*.  Jack Frost did waive its right to a jury trial on P&N's affirmative defense, and thereby expedited the resolution of the case."  *Id.* at *4-*5, citing *Amsted*, 23 F.3d 374.  Here too,

Regeneron sought to expedite resolution of the case by seeking entry of a final judgment after the Court's claim construction Order.  *See* Section II, *supra*; *see generally Energy Heating*, No. 13-cv-00010, Slip Op. at 7 (D.N.D. Mar. 16, 2016) ("In considering whether HOTF unreasonably and unnecessarily dragged this matter on, it should be noted that it was HOTF who moved the court for rule 54(b) certification to expedite the appeal of the issue of the validity of the patent to the Federal Circuit.") (Ex. A).

Finally, Merus cannot recover expert fees and costs because this case does not meet the exceptional case standard of § 285, as discussed above in Sections V and VI.  *See Medtronic*, 603 F.3d 943, 966 ("[W]e have stated that a case must be ***sufficiently beyond exceptional*** within the meaning of section 285 to justify . . . a sanction under the court's inherent power.") (emphasis added) (citation omitted).

**VIII.**   **Conclusion**

For the foregoing reasons, the Court should deny Merus's motion for attorneys' fees, expert fees, and costs.  Regeneron also respectfully requests an opportunity to respond to Merus's proposed submission of "additional evidence and briefing on the amount of fees, other non-taxable costs, and the appropriate interest pursuant to Federal Rule 54(d)(2)(C)" (D.I. 426 at 3).  Regeneron reserves its right to dispute any amounts therein and to object to Merus's right to recover any of the fees, costs, or interest identified in its proposed submission.


March 5, 2018                                      /s/ Christopher P. Borello

                                                  CHRISTOPHER P. BORELLO
                                                  cborello@fchs.com
                                                  ROBERT S. SCHWARTZ
                                                  rschwarz@fchs.com
                                                  SCOTT K. REED
                                                  sreed@fchs.com

MICHAEL E. FURROW
mfurrow@fchs.com
BRENDAN M. O'MALLEY
bomalley@fchs.com
SUSANNE L. FLANDERS
sflanders@fchs.com
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

*Attorneys for Plaintiff Regeneron Pharms., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2018, the foregoing REGENERON'S RESPONSE IN

OPPOSITION TO MERUS'S MOTION FOR ATTORNEYS' FEES, EXPERT FEES, AND

COSTS was caused to be served upon the attorneys of record for defendant Merus, B.V. at the

address set forth below via email and/or ECF:

Patricia A. Carson
Peter B. Silverman
Aaron Resetarits
Saunak Desai
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
patricia.carson@kirkland.com
peter.silverman@kirkland.com
aaron.resetarits@kirkland.com
saunak.desai@kirkland.com

*Attorneys for Defendant Merus, N.V.*

/s/Josh Calabro
Josh Calabro

17

FCHS_WS 14117004v1.doc