UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC., | Civil Action No. 14-cv-1650 |
| Plaintiff, Counterclaim Defendant | Honorable Katherine B. Forrest |
| v. | PUBLIC VERSION |
| MERUS N.V., | |
| Defendant, Counterclaim Plaintiff. | |


**REGENERON'S RESPONSE IN OPPOSITION TO
MERUS'S MOTION AND DOCUMENTATION FOR
<u>ATTORNEYS' FEES, EXPERT FEES, EXPENSES, AND COSTS</u>**

# Table of Contents

I.    Introduction ......................................................................................................1

II.   Legal Standard .................................................................................................1

      A.    Reasonableness of Attorneys' Fees .......................................................1

III.  Merus's Attorney Fee Request Should Be Reduced 20% .................................3

      A.    Overall Reduction Based on ████████████████ ...........................................3

      B.    Overall Reduction Based on ████████ .............................................5

      C.    Unnecessary Fees, ████████████████████████████
            ████ .................................................................................................5

IV.   The Court Should Reduce Merus's Costs and Expenses By 20% To
      Account For Unnecessary Expenses ................................................................7

V.    Merus Should Not Receive Prejudgment Interest at a Rate of 9% ..................11

VI.   Conclusion .....................................................................................................13

## Table of Authorities

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
    493 F.3d 110 (2d Cir. 2007)........................................................................ 1, 2

*Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*,
    2005 WL 3099592 (S.D.N.Y. Nov. 17, 2005) ................................................ 3

*Auburn Enlarged City School Dist. v. Coastal Environmental Safety & Control, Inc.*,
    1990 U.S. Dist. LEXIS 2381 (N.D.N.Y. 1990) ............................................ 8

*Beastie Boys v. Monster Energy Co.*,
    112 F. Supp. 3d 31 (S.D.N.Y. 2015)...................................................... 2, 5, 7

*Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*,
    652 F.3d 277 (2d. Cir. 2011)................................................................... 2

*Campbell v. Mark Hotel Sponsor, LLC*,
    2012 WL 4360011 (S.D.N.Y. Sept. 13, 2012)............................................. 2

*Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*,
    264 F. Supp. 2d 753 (S.D. Ind. 2003) ................................................. 9, 10

*General Elec. Co. v. Compagnie Euralair, S.A.*,
    1997 WL 397627 (S.D.N.Y. July 3, 1997) ................................................ 2

*Genger v. Genger*,
    2015 U.S. Dist. LEXIS 28813 (S.D.N.Y. Mar. 9, 2015) ................................ 6

*In re Weatherford Int'l Sec. Litig.*,
    2015 WL 127847 (S.D.N.Y. Jan 5, 2015) ................................................. 2

*Kahlil v. Original Old Homestead Rest.*,
    657 F. Supp. 2d 470 (S.D.N.Y. 2009)...................................................... 3

*Kilopass Tech v. Sidense Corp.*,
    738 F.3d 1302 (Fed. Cir. 2013)............................................................ 12

*Kuper v. Empire Blue Cross & Blue Shield*,
    2003 U.S. Dist. LEXIS 27728 (S.D.N.Y. Dec. 18, 2003) ............................. 10

*Liberty Media Corp v. Vivendi Universal, S.A.*,
    2013 U.S. Dist. LEXIS 3521 (S.D.N.Y. Jan 9, 2013)................................... 11

*Mathis v. Spears*,
    857 F.2d 749 (Fed. Cir. 1988)............................................................... 8

*McDaniel v. County of Schenectady*,
　　595 F.3d 411 (2d Cir. 2010).............................................................................. 2

*M-I Drilling Fluids UK, Ltd. v. Dynamic Air Inc.*,
　　No. 14-cv-4857(JRT/HB), 2018 U.S. Dist LEXIS 46536 (D. Minn. Jan. 26,
　　2018) ...................................................................................................................... 8

*Millea v. Metro-North R.R. Co.*,
　　658 F.3d 154 (2d Cir. 2011)............................................................................... 2

*Simmonds v. N.Y.C. Dep't of Corr.*,
　　2008 WL 4303474 (S.D.N.Y. Sept. 16, 2008)................................................. 2

*Simmons v. N.Y. City Transit Auth.*,
　　575 F.3d 170 (2d Cir. 2009).......................................................................... 1, 2, 6

*Source Vagabond Sys. v. Hydrapak, Inc.*,
　　2013 U.S. Dist. LEXIS 4853 (S.D.N.Y. Jan. 11, 2013)................................. 6

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
　　130 F. Supp. 3d 1331 (C.D. Cal. 2015) .......................................................... 6

## Statutory Authorities

28 U.S.C. § 1961...................................................................................................... 11

New York Civil Practice Law and Rules § 5004 ...................................................... 11

# I.     Introduction

Merus requests $7,905,124.78 in attorneys' fees based ████████████████████ ████████ Kirkland & Ellis timekeepers.  Regeneron does not object to the number of hours *per se*, but believes that a 20% reduction is appropriate due to ████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████.

In addition, Merus requests $1,793,366.44 in costs and expenses.  Merus's claim for "costs" is overstated and deficient.  First, Merus seeks over ████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████. Moreover, Merus's counsel has refused to produce records to document when and which of the purported costs were actually paid by Merus, fails to set forth the rate at which copies were charged thereby making it impossible to determine if such rates were reasonable or not, and includes unreasonable expenses such as costs associated with ████████████████████████ ██████████████████████████████████████. For these reasons, Merus's costs and expenses should be adjusted downward by 20%.

# II.     Legal Standard

## A.     Reasonableness of Attorneys' Fees

In determining the amount of a fee award, district courts are required to calculate the "presumptively reasonable fee[s]." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d. Cir. 2008)). The starting point for determining the presumptive reasonable fee is the "lodestar" amount,

which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174 (quoting *Arbor Hill*, 493 F.3d at 112, 118). "As the fee applicant, [the parties seeking the fees] 'bear[] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed.'" *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (quoting *General Elec. Co. v. Compagnie Euralair, S.A.*, 1997 WL 397627 at *4 (S.D.N.Y. July 3, 1997)).

On a fee application, "the governing test of reasonableness is objective; it is not dictated by a particular client's subjective desires or tolerance for spending." *Beastie Boys*, 112 F. Supp. 3d at 52. The test is whether the party applying for fees "spen[t] the minimum necessary to litigate the case effectively." *Simmons*, 575 F.3d at 174 (citation omitted); *see also Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d. Cir. 2011) (same); *McDaniel v. County of Schenectady*, 595 F.3d 411, 415 (2d Cir. 2010) (same); *cf. In re Weatherford Int'l Sec. Litig.*, 2015 WL 127847, at *1 (S.D.N.Y. Jan 5, 2015) (reducing fee award based on doubts that a paying client would approve bills for 34 attorneys, in addition to staff members, who collectively worked over 30,000 hours); *Campbell v. Mark Hotel Sponsor, LLC*, 2012 WL 4360011, at *2 (S.D.N.Y. Sept. 13, 2012) (reducing fee award because the number of hours billed was unreasonable and no client "would pay over $3.3 million in fees and expenses for the mere possibility of securing a $4.68 million down payment"); *Simmonds v. N.Y.C. Dep't of Corr.*, 2008 WL 4303474, at *4 (S.D.N.Y. Sept. 16, 2008) (reducing fee award

where "reasonably thrifty client made aware of the adequacy of [plaintiff's] core claims would have opted for less costly representation").

**III.** **Merus's Attorney Fee Request Should Be Reduced 20%**

Given the sheer number of hours ███████ and timekeepers ████ it is impractical to evaluate every time entry individually. In large fee applications like this where reasonableness is difficult or inefficient to assess on a per-task basis, this Court allows the use of categorical percentage deductions as a practical means of excluding non-compensable hours for the fee application. *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005); *see also Kahlil v. Original Old Homestead Rest.*, 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009) ("It is well established that across-the-board reductions are appropriate when billing records are voluminous and numerous billing records are in dispute." (citation and internal quotation marks omitted)). An analysis of Merus's fee requests supports that a reduction is appropriate due to ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████ These factors justify an across the board reduction of fees of 20%.

**A.** **Overall Reduction Based on** ████████████████████████

Merus's evidence to support the alleged reasonableness of their attorneys' fees demonstrates that the requested fees are excessive. In fact, comparing ███████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

3

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████[1] ████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████[2] ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████.

███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████.

[1] As used herein, "Calabro Decl. __" refers to the "Declaration of Josh Calabro In Support of Regeneron's Response In Opposition to Merus's Motion and Documentation For Attorneys' Fees, Expert Fees, Expenses, and Costs," submitted concurrently herewith.

[2] ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████.

The partner rates in this case also demonstrate well above normal rates. ██████████

███████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████

██████████████████████

██████████████████████████████████████████ an adjustment to the fee request is appropriate.[3]

### B.  <u>Overall Reduction Based on</u> ██████████████████

Of the ████████ hours identified by Merus (*See* Merus Tabs 2A and 2B), ████████████

███████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████. *See Beastie Boys*, 112 F. Supp. 3d at 51-53, 57;

*Kizer v. Abercrombie & Fitch Co.*, 2017 U.S. Dist. LEXIS 116364, at *32, *38 (E.D.N.Y. July

24, 2017) (finding "a 25% across-the-board reduction in the total hours claimed is warranted,"

based on, *inter alia*, "██████████████████████" billing (citation omitted), *adopted*, 2017 U.S.

Dist. LEXIS 126289, at *4 (E.D.N.Y. Aug. 9, 2017)).  Because of the ██████████████████████

██████████████████████, a downward adjustment to the fee request is appropriate.

### C.  <u>Unnecessary Fees,</u> ████████████████████████████████████████

Merus seeks to recover for the time and expenses it incurred in ██████████████████████

███████████████████████████████████████████████████████████████████. This consisted

---



[3] Merus's argument of the reasonableness of its fees and rates on the basis they "were actually negotiated and billed to Merus" is unsupported and should be rejected. (Merus Br. at 9). Regeneron asked Merus to produce copies of any retainer agreements or engagement letters between Kirkland and Merus that support the rates and costs as well as documentation to support the amount and timing of all payments made by Merus (Calabro Decl. ¶ 12, Ex. A).  Merus refused to produce the information (*Id.*).

of time billed by ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ █ ████████████████████. It is unreasonable to require Regeneron to bear these fees and expenses. Merus has an obligation to spend the minimum to litigate this case. *Simmons*, 575 F.3d at 174.

In addition, several Kirkland timekeepers engaged in ████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ approved across the board reductions in the range of 15% to 30% when ██████████████ is employed. *See Source Vagabond Sys. v. Hydrapak, Inc*., 2013 U.S. Dist. LEXIS 4853, at *41-42 (S.D.N.Y. Jan. 11, 2013) (collecting cases), adopted as modified by 2013 U.S. Dist. LEXIS 25669 (S.D.N.Y. Jan. 11, 2013); *Genger v. Genger*, 2015 U.S. Dist. LEXIS 28813, at *4-8 (S.D.N.Y. Mar. 9, 2015) (reducing fee request by 15% because of ██████████████.

Moreover, the sheer volume of ████████████████████████████████████ undoubtedly increased the number of hours worked and promoted unnecessary duplication of effort. For example, ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

---

[4] The ████████████████████████████████ which Regeneron should not be forced to bear, also support a reduction of expenses discussed *infra*.

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████). It is worth noting that for the first six months of this litigation,

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████ *See, e.g, Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d

1331, 1338 (C.D. Cal. 2015) (finding "[t]he number of firms and lawyers working on this ['$20

million'] case was excessive and inefficient," where "56 people billed time"). The inefficiency

created by ████████████████ further supports a reduction in the attorney fee request.

## IV. The Court Should Reduce Merus's Costs and Expenses By 20% To Account For Unnecessary Expenses

Merus seeks to recover $1,793,366.44 costs and expenses. However, for the reasons

explained below, an across the board reduction of 20% is warranted because many of the costs

are either not justified or unreasonable.

Merus seeks to recover ███████████████████████████████████████

█████████████████████████████████████████████████

████████████ Merus offers no objective reason as to why Regeneron should pay for attorney

fees ███████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████ *See Beastie Boys*, 112 F. Supp. 3d at

52 (reasonableness of a fee application "is not dictated by a particular client's subjective desires

or tolerance for spending"). Moreover, the cryptic descriptions in the ████████████set forth

no basis to assess the work purportedly performed or whether it was reasonably spent. *Beastie*

*Boys*, 112 F. Supp. 3d at 48. Finally, Merus inflates its application of these purported costs that

even the ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████ is

unjustified and unsupported, the entire claim to these fees should be rejected.  Eliminating this

"cost" alone results in a ██████████████████████.

      Merus also improperly seeks to recover ███████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████ *See M-I Drilling Fluids UK, Ltd. v.*

*Dynamic Air Inc.*, No. 14-cv-4857 (JRT/HB), 2018 U.S. Dist LEXIS 46536, at *51-53 (D. Minn.

Jan. 26, 2018), *rejected in part but adopted in relevant part*, 2018 U.S. Dist. LEXIS 45461, at *9

(D. Minn. Mar. 20, 2018).  Accordingly, this cost should be rejected.

      Furthermore, many of the purported expenses incurred and sought by Merus are charges

that are considered part of overhead that is usually not charged separately to clients.  *See Auburn*

*Enlarged City School Dist. v. Coastal Environmental Safety & Control, Inc.*, 1990 U.S. Dist.

LEXIS 2381, at 9 n.2 (N.D.N.Y. 1990).  Instead, overhead is generally a component of the

hourly rate.  *Id.*  Recovery is generally not allowed unless it can be shown that the costs were not

"routine" office overhead.  *Id.*, citing *Mathis v. Spears*, 857 F.2d 749, 759 (Fed. Cir. 1988).

After Merus filed its request for fees, Regeneron asked Merus to provide Merus's payment

information, but Merus refused that request (*See* Calabro Decl. ¶ 12, Ex. A).  By failing to

provide Regeneron, and the Court, with an accounting of the costs and expenses that were ***actually paid*** by Merus, it is impossible to determine which of the purported "Kirkland and Ellis Costs and Expenses" are simply overhead that are subsumed within Merus's fee request. Accordingly, because Merus has failed to provide adequate documentation to support recovery of these costs, Merus's request for costs and expenses should be significantly reduced.

Even if Merus were to prove that all of these purported costs were actually paid by Merus, an adjustment would still be appropriate. Merus seeks to recover various ███████ ████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ █████████████████████████████████████████████████ █████████████████████████████████ making it impossible to assess whether such rates were reasonable.

Another example of the unreasonableness of Merus's request is the fact that Merus seeks to recover for ████████████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████████████ ███████████████████████████████████████████ █████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ *See Eli Lilly & Co. v.*

*Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 762 (S.D. Ind. 2003) ("[A]bsent some

unusual circumstances not identified by Lilly here, it is not reasonable to shift to the opposing

party costs of first class air travel").

     Yet another example of padding is the amount of ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████ These

are just a few examples of many that are present in Merus's claim and is by no means

exhaustive.  Regeneron should not be forced to pay for ███████████████████████████ that

are unwarranted, and a reduction of expenses and costs should be made to account for them.

**V.   Merus Should Not Receive Prejudgment Interest at a Rate of 9%**

An award of prejudgment interest is a matter of discretion for the Court.[5] To the extent

the Court awards prejudgment interest, which it should not, the Court should reject Merus's

request that prejudgment interest be awarded at a high rate of 9% compounded annually.

Contrary to Merus's assertion, the prejudgment interest rate established under § 5004 of the New

York Civil Practice Law and Rules is not the most frequently awarded prejudgment interest rate

in this district, including awards pursuant to § 285 (Merus Br. at 13).  While Merus is correct that

New York law provides for a 9 percent annual rate of interest, as explained in *Kuper v. Empire*

*Blue Cross & Blue Shield,* 2003 U.S. Dist. LEXIS 27728, at *8 (S.D.N.Y. Dec. 18, 2003) (citing

numerous cases), when

> a judgment is based on violations of both federal and state law,
> courts in this circuit uniformly have applied a federal interest rate,
> most commonly based on the average rate of return on one-year
> Treasury bill ("T-bills") for the relevant time period.

*See also Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, No. 98 Civ. 7766 (PAC),

Slip Op. at 3 & n.3 (S.D.N.Y. Oct. 14, 2008) (attached as Calabro Decl. ¶ 13, Ex. B) (a case cited

by Merus which rejected calculating prejudgment interest "based on prime rates compounded

annually" and instead setting prejudgment interest to be calculated at the rate specified in 28

U.S.C. § 1961, i.e., the one year T-bill rate, *aff'd in relevant part and rev'd in part on other*

*grounds*, 607 F.3d 817 (Fed. Cir. 2010)); *Liberty Media Corp v. Vivendi Universal, S.A.*, 2013

U.S. Dist. LEXIS 3521, at *15-16 (S.D.N.Y. Jan 9, 2013) (holding that "[t]he appropriate rate of

---

[5] Merus's refusal to produce the amount and timing of all payments made by Merus associated with the U.S. litigation (Calabro Decl. ¶ 12, Ex. A), makes it impossible to calculate prejudgment interest in this case.  Merus's failure to provide documentation of this information is sufficient grounds to deny Merus's request for prejudgment interest.

interest is the federal interest rate based on the average rate of return on one-year Treasury bills for the relevant time period").

In addition to the fact that the normal prejudgment interest rate in this district is the one-year T-bill rate, the policy behind the New York statutory rate warrants rejecting that rate here. New York Civil Practice Law and Rules § 5004 was enacted in 1962 and originally provided that "[i]nterest shall be at the legal rate," which at that time was established elsewhere at 6%. *McKinney's Consolidated Laws of New York Annotated*, C.L.P.R. § 5004, Practice Commentaries. In 1972, the statute was amended to expressly set a straight figure of 6%. *Id.* In 1981, as interest rates soared onto the high teens and beyond, C.P.L.R. § 5004 was amended again to change the rate to 9%, where the rate has stood ever since. The policy of setting this interest rate to be at (or below) the prevailing interest rate at the time mandates rejecting Merus 9% prejudgment interest rate here. During the time this litigation began in 2014 up through the present, interest rates have been at historic lows, far below 9%. Awarding Merus a 9% prejudgment interest would amount to a windfall.

Merus seeks to justify its requested interest rate "to deter future wrongful conduct by litigants before this Court" and because Regeneron has stated publicly that the amount of attorneys' fees is not expected to have a material impact on Regeneron or its shareholders (Merus Br. at 13). However, those arguments are wrong legally. The purpose of the fee award is to compensate Merus for the expense it incurred in litigating this case, *not* to punish Regeneron. *Kilopass Tech v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013) ("The aim [of § 285] is not to punish a plaintiff . . . ."). Accordingly, to the extent prejudgment is awarded, it should be at the federal interest rate which is the average one-year T-bill rate, which would adequately compensate Merus for its expense.

## VI.  Conclusion

For the foregoing reasons, the Court should conclude that Merus's fee request is unreasonable and should apply Regeneron's proposed reductions of 20% on attorney fees and 20% on costs and expenses.  In addition, any prejudgment interest should accrue at the rate of the average one year T-bill rate.

May 9, 2018

CHRISTOPHER P. BORELLO
cborello@fchs.com
ROBERT S. SCHWARTZ
rschwarz@fchs.com
SCOTT K. REED
sreed@fchs.com
MICHAEL E. FURROW
mfurrow@fchs.com
BRENDAN M. O'MALLEY
bomalley@fchs.com
SUSANNE L. FLANDERS
sflanders@fchs.com
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

*Attorneys for Plaintiff Regeneron Pharms., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2018, the foregoing REGENERON'S RESPONSE IN

OPPOSITION TO MERUS'S MOTION AND DOCUMENTATION FOR ATTORNEYS'

FEES, EXPERT FEES, EXPENSES, AND COSTS, along with the Declaration of Josh Calabro

in support thereof, was caused to be served upon the attorneys of record for defendant Merus,

N.V. at the address set forth below via email and/or ECF:

Patricia A. Carson
Peter B. Silverman
Aaron Resetarits
Saunak Desai
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
patricia.carson@kirkland.com
peter.silverman@kirkland.com
aaron.resetarits@kirkland.com
saunak.desai@kirkland.com

*Attorneys for Defendant Merus, N.V.*

Josh Calabro

14